**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CITIZENS AGAINST RAIL EXPANSION IN FLORIDA<br>7407 SE Hill Terrace<br>Hobe Sound, FL 33455<br><br>        *Plaintiff,*<br><br>   v.<br><br>U.S. DEP'T OF TRANSPORTATION<br>1200 New Jersey Avenue, S.E.<br>Washington, DC 20590<br><br>        *Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 15-cv-949 |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF UNDER THE FREEDOM OF INFORMATION ACT

Plaintiff, Citizens Against Rail Expansion in Florida ("CARE FL"), by and through counsel, brings suit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, seeking injunctive and declaratory relief to require the United States Department of Transportation ("DOT") to immediately provide records in response to Plaintiff's FOIA request and to refrain from improperly withholding records. Upon knowledge, information, and belief, Plaintiff states the following:

1. This action seeks injunctive relief requiring Defendant to immediately process and provide the requested records to Plaintiff.

2. This action seeks a declaratory judgment finding that the records Plaintiff seeks are subject to disclosure under the FOIA, and that the Defendant is in violation of the FOIA for failing to provide Plaintiff these records.

1

3.      Plaintiff has exhausted its administrative remedies and is entitled to seek judicial review of its FOIA request.  *See* 5 U.S.C. § 552(a)(6)(A)(i).

4.      Finally, pursuant to 5 U.S.C. § 552(a)(4)(E)(i), this action seeks an award of reasonable attorneys' fees and litigation costs associated with this FOIA-based action.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i).   This Court also has personal jurisdiction over the Defendant pursuant to 28 U.S.C. §§ 1331, 2201, and 2202.

6.      Venue before this Court is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

7.      Plaintiff Citizens Against Rail Expansion in Florida ("CARE FL") is a coalition of South Florida and Treasure Coast community leaders, organizations, and residents devoted to protecting the safety, welfare, and way of life of the more than 10 million people living in and around the areas that will impacted by the proposed All Aboard Florida Rail Project ("AAF"). Plaintiff CARE FL is represented by undersigned counsel at the law firm of McDermott Will & Emery LLP, located at 500 North Capitol Street, N.W., Washington, DC 20001.

8.      Defendant DOT is a department of the Executive Branch of the United States Government.  DOT is an agency of the United States Government within the meaning of 5 U.S.C. § 552(f)(1) and therefore is subject to the FOIA.

9.      Upon information and belief, Defendant has possession and control over materials Plaintiff seeks in its FOIA request.

2

## BACKGROUND

10.     CARE FL was formed in response to the proposed AAF rail project in Florida. The AAF project threatens adverse impacts on the safety and welfare of the communities, families, and businesses of coastal Florida.   Notably, the Project will create new and totally unacceptable safety risks.   The Project will run passenger trains at speeds up to 125 miles per hour through densely populated coastal communities, and in the same right-of-way there will be a sharp increase in the number of freight trains carrying toxic materials.   It will profoundly disrupt the region's recreational and commercial boating activities in navigable waterways.

11.     On March 15, 2013, AAF applied for a Railroad Rehabilitation and Improvement Financing from Defendant DOT's Federal Railroad Administration ("FRA").   The FRA subsequently began a NEPA-required environmental review process.   The FRA released a draft environmental impact statement ("DEIS") on September 19, 2014.   On December 3, 2014, Plaintiff CARE FL submitted official comments to the FRA in response to the DEIS.   As of the date of this Complaint, FRA has not released a final environmental impact statement on the AAF project.

12.     On August 15, 2014—after AAF submitted its RRIF loan application to the FRA, but before the FRA issued its DEIS—AAF applied for a $1.75 billion Private Activity Bond ("PAB") allocation from the DOT.

13.     On December 22, 2014—less than three weeks after the close of FRA's DEIS public comment period in which the Agency received over 12,000 public comments on the project—DOT informed AAF that it had allocated $1.75 billion in PABs for the project.

14.     Multiple entities and citizens have filed civil lawsuits against the DOT regarding this subject matter.[1]  Upon information and belief, Defendant DOT is withholding information that is required to be disclosed under the FOIA and is critically important to both the plaintiffs' cases in those lawsuits as well as all Floridians that will be impacted by the AAF project.

15.     Plaintiff CARE FL has sought information from the DOT concerning the agency's communications with, and regarding, AAF and its affiliated entities.  Pursuant to FOIA, Plaintiff CARE FL is entitled this information—information that should be made public to ensure Government transparency.

## PLAINTIFF CARE FL'S FOIA REQUEST

16.     On January 27, 2015, Plaintiff, through counsel, submitted a FOIA request to the DOT's Office of the Secretary, Departmental FOIA Office, by U.S. Mail and Email at ost.foia@dot.gov.   A copy of that request is attached hereto as Exhibit 1.  In particular, Plaintiff requested the following information:

(1)  All communications between the following Department of Transportation (DOT) officials and All Aboard Florida (AAF), Florida East Coast Railway (FECR), Fortress Investment Group (Fortress):

- Secretary of Transportation, Hon. Anthony Foxx and his staff, including the USCG officer assigned to support the Secretary;
- Administrator of the Federal Railroad Administration (FRA), Joseph Szabo and his staff;
- Under Secretary of Transportation for Policy, Hon. Peter Rogoff and his staff;
- Deputy Secretary of Transportation, Hon. Victor Mendez and his staff; and
- Any and all persons from USCG assigned to work at the DOT.

(2)  All communications between the following DOT officials and the Executive Office of the President (EOP), or the Office of Management and Budget (OMB),

---

[1] Defendant DOT is party to related actions currently before this Court.  *See Indian River Cnty., et al. v. Rogoff, et al.*, No. 1:15-cv-00460-CRC (D.D.C.); and *Martin County, et al. v. U.S. Dep't of Transportation, et al.*, No. 1:15-cv-00632-CRC (D.D.C.).

or the U.S. Coast Guard (USCG) pertaining to the AAF rail project and related
FECR freight rail increases:

- Secretary of Transportation, Hon. Anthony Foxx and his staff,
  including the USCG officer assigned to support the Secretary;
- Administrator of the Federal Railroad Administration (FRA), Joseph
  Szabo and his staff;
- Under Secretary of Transportation for Policy, Hon. Peter Rogoff and
  his staff;
- Deputy Secretary of Transportation, Hon. Victor Mendez and his
  staff; and
- Any and all persons from USCG assigned to work at the DOT.

(3)  Any and all communications from the past 12 months regarding AAF's
interactions with DOT regarding the Private Activity Bond (PAB) program.

(4)  Any and all communications from the past 12 months regarding AAF's
interactions with DOT regarding the Railroad Rehabilitation and Improvement
Financing (RRIF) program.

17.     Plaintiff excluded from the request "documents related to the FRA's Draft
Environmental Impact Statement (DElS) on AAF; any comments received to the AAF DEIS; and
the Department's review of such, unless it is a communication between AAF/FECR/Fortress and
the agency." Exhibit 1 at 2.

18.     On March 13, 2015, over a month and a half after Plaintiff submitted its FOIA
request to the DOT, Plaintiff sent a follow-up letter to the DOT asking the Agency "to contact
[Plaintiff's counsel] by March 20, 2015 to acknowledge receipt of CARE FL's request, and by
March 27, 2015 with either: (1) copies of the requested records; or (2) a clear timeframe by
which we can expect a meaningful response."  A copy of that letter is attached hereto as Exhibit
2.

19.     On Sunday, March 29, 2015, Kathy Ray, the Office of the Secretary of
Transportation's FOIA Contact, left a voicemail for Plaintiff's counsel.  She stated in her
voicemail:

> I saw that I owed you a call on Friday about the request All Aboard Florida. Nothing much happened last week, but on this coming Tuesday afternoon, [March] 31st, I am having a meeting people in the Secretary's office, like the chief of staff, to try to figure out who the players are and how we get records from them. So I hope by Friday [April] 3rd to have more information for you.

20.     On Monday, April 27, 2015, Plaintiff's counsel called Ms. Ray and left a voicemail asking for a status report on the DOT's response to Plaintiff's FOIA request.

21.     On Tuesday, April 28, 2015, Plaintiff's counsel sent an email to Ms. Ray following up on the April 27th voicemail.  A copy of that email is attached hereto as <u>Exhibit 3</u>.

22.     On Tuesday, April 28, 2015, Ms. Ray returned Plaintiff's counsel's call and left a voicemail for Plaintiff's counsel.  She stated in her voicemail:

> We are still working on your request.  It looks like the first batch of information that we are reviewing now relates to communications between [part of item 1, between those entities and DOT folks. The ones we are starting with, or the ones that I have received first, regard the private activity bonds. So I have just received the first batch of those this week. So we are reviewing those and hopefully will get those out pretty quickly.  I think there was one other person that has more on private activity bonds, but I am still having additional meetings with people and trying to figure out who has these to collect them.

23.     On Thursday, April 30, 2015, Plaintiff's counsel returned Ms. Ray's call and left a voicemail thanking her for the update and asking when Plaintiff can expect the first batch of materials responsive to Plaintiff's FOIA request.

24.     On Sunday, May 3, 2015, Ms. Ray left a voicemail for Plaintiff's counsel.  She stated in her voicemail:

> I had called and left a message saying we had some of the records that we collected that were responsive to item number 1 of your FOIA request, and you were asking for a specific, estimated date of when you will see those. Unfortunately, I am just not in a position to do that now.  We are absolutely drowning here.  I do believe, I haven't had the chance to look at the records, but I think when I take a look at them, I am hoping by next Friday to either be able to have them ready to be sent or at least have a better idea of who I have working on them or if there is a review process. But if we could plan on talking next Friday, I will write it on my calendar with your number; I should know a lot better then and

hopefully would have submitted them by then too. That's the first part about getting those out, and I am still collecting the other records.

25.     Having received no phone call or any information from Ms. Ray on Friday, May 8, 2015, Plaintiff's counsel called and left a voicemail for Ms. Ray on May 18, 2015, asking for a status report on the DOT's FOIA response.

26.     Later on May 18, 2015, Plaintiff's counsel and Ms. Ray had a telephone conversation.  Ms. Ray noted that the first batch of materials was almost ready and would probably be ready by the end of the week (May 22, 2015) or the following week (week of May 25, 2015).  This was the last communication between Plaintiff's counsel and the DOT.

27.     As of the date of this Complaint, DOT has not released *any* of the records requested in Plaintiff's January 27, 2015 FOIA request.  Accordingly, DOT has failed to provide a substantive response to Plaintiff's FOIA request with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i).

28.     Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Plaintiff CARE FL has exhausted its administrative remedies with respect to its January 27, 2015 FOIA request.  Further, pursuant to DOT regulations at 49 C.F.R. § 7.21(c), Plaintiff may commence this action in this Court without seeking an administrative appeal.

29.     Defendant DOT has wrongfully withheld the records of communications requested by Plaintiff CARE FL in its January 29, 2015 FOIA request.

30.     Plaintiff has been required to incur costs, consisting of attorneys', law clerks', and legal assistants' time and effort to pursue this action.

## COUNT I:

## FAILURE TO PROMPTLY PROVIDE RECORDS
## RESPONSIVE TO PLAINTIFF'S FOIA REQUEST

31.     Plaintiff incorporates and re-alleges paragraphs 1 through 30 as if restated in full.

32.     Defendant DOT's failure to make available the records requested by Plaintiff CARE FL in its January 27, 2015 FOIA request violates 5 U.S.C. § 552(a)(3)(A) and applicable DOT regulations.

33.     By failing to provide Plaintiff with any records responsive to its FOIA request, Defendant DOT has unlawfully denied Plaintiff's right to this information under the FOIA.

34.     Unless enjoined by this Court, Defendant DOT will continue to violate Plaintiff's legal rights to access the materials it has requested pursuant to the FOIA.

35.     Because the construction of the AAF Project appears to be imminent unless this Court intervenes in the *Indian River County, et al. v. Rogoff, et al.* and *Martin County, et al. v. U.S. Dep't of Transportation, et al.* cases, this Court should order the Defendant to immediately release to Plaintiff the requested records regarding the AAF project.

## COUNT II:

## DECLARATORY JUDGMENT ACT

36.     Plaintiff incorporates and re-alleges paragraphs 1 through 35 as if restated in full.

37.     Pursuant to 28 U.S.C. § 2201, Plaintiff is entitled to a declaratory judgment that Defendant DOT violated FOIA by failing to provide Plaintiff with all records responsive to Plaintiff's January 27, 2015 FOIA request prior to filing this action.

## PRAYER FOR RELIEF

Wherefore, Plaintiff CARE FL prays that this Court:

A.     Order Defendant DOT to immediately search for, process, and release all

requested records to Plaintiff.

B.     Declare that Defendant DOT's failure to produce responsive records is

unlawful under the FOIA.

D.      Award Plaintiff reasonable attorneys' fees and litigation costs.

G.     Grant any additional relief as the interests of justice may require.

June 19, 2015                              Respectfully submitted,

/s/ Amandeep S. Sidhu
Stephen M. Ryan (D.C. Bar No. 359099)
Amandeep S. Sidhu (D.C. Bar No. 978142)
MCDERMOTT WILL & EMERY LLP
The McDermott Building
500 North Capitol Street, NW
Washington, DC 20001
Tel: (202) 756-8000
Email: sryan@mwe.com
Email: asidhu@mwe.com

*Counsel for Plaintiff CARE FL*